IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON DELANEY, #M48819, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00836-MJR |
| ) | |
| LIEUTENANT SIMON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Ramon Delaney, an inmate currently incarcerated at Shawnee Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims Defendant Simon has violated his constitutional rights under the First and Eighth Amendments.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). After carefully considering Plaintiff's allegations, the Court finds that the complaint survives preliminary review under § 1915A.

## Complaint

Plaintiff alleges that on the morning of January 27, 2015, Defendant Simon, a correctional officer, grabbed Plaintiff and held him in a submissive hold position, and then proceeded to throw Plaintiff into the cell door frame. (Doc. 1, p. 5). Plaintiff contends that Defendant Simon took this action after Plaintiff requested a breakfast tray. Plaintiff insists that Defendant Simon used excessive force "without provocation, justification or, any legitimate penological interest." *Id*.

Following the incident, Plaintiff filed a grievance. Since then, Plaintiff claims that Defendant Simon has retaliated against him by continually "taunting, intimidating, and threatening Plaintiff . . . with physical violence." *Id*. at 6. For example, on February 22, 2015, Defendant Simon said to Plaintiff, "I'm ready when you're ready Smiley." *Id*.

Attached to the complaint are affidavits from inmates who witnessed the incidents on January 27 and February 22 and verified Plaintiff's version of the events. *Id*. at 9-14.

Plaintiff asserts that Defendant's actions have caused him pain, suffering, physical injury, and emotional distress. *Id*. at 5. The complaint seeks a preliminary injunction, permanent injunctive relief, as well as compensatory and punitive damages.

**Discussion**

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable excessive force claim (Count 1) and a retaliation claim (Count 2) against Defendant Simon.

**Count 1:     Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir.2004). However, an inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, although not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff alleges that Defendant Simon used excessive force against him on January 27, 2015 without any apparent penological justification. The degree of force used and the reason for its use are factual determinations that cannot be resolved at the pleadings stage. Thus, Plaintiff may proceed on his excessive force claim against Defendant Simon (Count 1) at this

time.

### Count 2: Retaliation

In addition, Plaintiff claims that Defendant Simon has been taunting, intimidating, and threatening him ever since he filed a grievance against Defendant Simon. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement, which is considered protected activity under the First Amendment. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).

At issue here is whether Plaintiff experienced an adverse action that would likely deter constitutionally protected activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendant Simon's decision to harass Plaintiff. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Defendant Simon.

### Preliminary Injunction

The prayer for relied in the complaint contains a request for a preliminary injunction. A preliminary injunction is issued only *after* the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).

Since the Court's preliminary review finds that Plaintiff has stated colorable claims, the

Clerk of Court will be directed to have the record reflect that the complaint (Doc. 1) also contains what is construed as a motion for preliminary injunction. That motion will be referred to a magistrate judge for further consideration in accordance with Federal Rule of Civil Procedure 65(a).

## Disposition

**IT IS HEREBY ORDERED** that the Clerk of Court shall have the record reflect that the complaint (Doc. 1) contains a motion for preliminary injunction.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on **COUNT 1** (excessive force claim) and **COUNT 2** (retaliation claim) against Defendant **SIMON**.

The Clerk of Court shall prepare for Defendant **SIMON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for a preliminary injunction, and motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 2, 2015**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**