IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMAN DELANEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   15-cv-836-MJR-SCW |
| | ) |
| ALAN SIMON, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to **42 U.S.C. § 1983**, *pro se* Plaintiff filed his complaint alleging that Defendant used excessive force on him on January 27, 2015. This matter is before the Court on Defendant's motion for sanctions (Doc. 32). Defendant sent Plaintiff requests to produce and interrogatories on December 16, 2015 which Plaintiff failed to respond to. Counsel sent a letter on October 12, 2016 requesting the outstanding discovery which Plaintiff also failed to respond to. Defendant then filed a motion to compel (Doc. 24) and the undersigned Ordered Plaintiff to respond to the requests by December 12, 2016 (Doc. 25). Plaintiff failed to comply with the Court's Order, prompting Defendant to file the instant motion. The Court also notes that Plaintiff was released from prison during the pendency of this suit and informed the Court of his address upon release (Doc. 15, 20). Plaintiff subsequently indicated that he was being held at the Saline County Jail due to a warrant for his arrest in Indiana but instructed the Court that he still

wanted his mail sent to the address he initially provided to the Court (Doc. 20). However, mail sent to that address has been returned as undeliverable and Plaintiff has not provided the Court with a new address (Doc. 26 and 34). The undersigned set this matter for a hearing and informed Plaintiff that his failure to appear would result in dismissal of his claims (Doc. 33). That notice was returned as undeliverable (Doc. 34). Nor did Plaintiff appear at the hearing, either in person or by phone.

In light of Plaintiff's failure to appear and his lack of participation in the case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.*, **718 F.3d 731, 732-33 (7th Cir. 2013)).** The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel*, **214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the Court finds that Plaintiff has failed to prosecute his case. Plaintiff initially provided the Court with an address upon his release from prison, but mail sent to that address has been returned as undeliverable. Plaintiff has not informed the Court of his current address as required by Local Rule and the Court's threshold order, which informed Plaintiff that he was "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location." *See* **LOCAL RULE 3.1(b).** The undersigned noticed this matter for hearing and instructed Plaintiff that his failure to appear may result in dismissal of his case, but without a correct address the notice sent was returned as undeliverable. In any event, notice was also provided on the docket and Plaintiff failed to call in or appear in person at the hearing.

As Plaintiff has not updated his address and his current whereabouts are unknown, the Court finds that dismissal of Plaintiff's case is warranted. Plaintiff has not participated in this case since his parole from prison and he has not informed the Court of his current address as required by the Court, even though he has had ample time to do so. He was given notice of the recent status conference and warned that a failure to appear would result in dismissal of his case. Plaintiff did not appear. The Court presumes by Plaintiff's lack of participation in the case that he no longer is interested in pursuing his claims.

As such, it is **RECOMMENDED** that the Court **GRANT** the motion for sanctions (Doc. 32) and **DISMISSES with prejudice** Plaintiff's remaining claims for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **February 13, 2017**.

**IT IS SO ORDERED**.
DATED:   January 25, 2017.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge